**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**RALPH BUCK PHILLIPS**,

                                    Plaintiff,

            - v -                                            Civ. No. 9:12-CV-0610
                                                                              (DNH/RFT)

**T. LAVALLEY**, *Superintendent, Clinton Correctional Facility, sued in personal and official capacity*; **M. LAMOUNTAIN**, *Correction Officer, Clinton Correctional Facility, sued in personal and official capacity*; **S. BROWN**, *Deputy Supt. Security, Clinton Correctional Facility, sued in personal and official capacity*; **C. DELUTIS**, *Sergeant (SHU), Clinton Correctional Facility, sued in personal and official capacity*; **J. LUDWIG**, *Sergeant, Clinton Correctional Facility, sued in personal and official capacity*; **M. LAFOUNTAIN**, *Correction Officer, Clinton Correctional Facility, sued in personal and official capacity*; **J. FARRELL**, *Correction Officer, Clinton Correctional Facility, sued in personal and official capacity*; **A. FRENYA**, *Correction Officer, Clinton Correctional Facility, sued in personal and official capacity*; **C. GADWAY**, *Correction Officer, Clinton Correctional Facility, sued in personal and official capacity*; **BEZIO**, *Correction Officer, Clinton Correctional Facility, sued in personal and official capacity*; **LECLAIRE**, *Correction Officer, Clinton Correctional Facility, sued in personal and official capacity*; **SEAN LILLEDAHL**, *Correction Officer, Clinton Correctional Facility, sued in personal and official capacity*; **MORROW**, *Correction Officer, Clinton Correctional Facility, sued in personal and official capacity; and* **JOHN DOE**, *Correction Officer, Clinton Correctional Facility, sued in personal and official capacity*,

                                    Defendants.

**APPEARANCES:**                                    **OF COUNSEL:**

**RALPH BUCK PHILLIPS**
06-B-3437
Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

**HON. ERIC T. SCHNEIDERMAN**                       **LAURA A. SPRAGUE, ESQ**
New York State Attorney General                     Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

Plaintiff Ralph Phillips, appearing *pro se* and *in forma pauperis*, brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that Defendants, employees at Clinton Correctional Facility (hereinafter "CCF"), withheld multiple meals from him over the course of seven days in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *See* Dkt. No. 1, Compl. Now before this Court is Defendants' Motion to Dismiss, Dkt. No. 30, and Plaintiff's Cross-Motion for Leave to Amend, Dkt. No. 36. For the reasons that follow we recommend that Defendants' Motion to Dismiss be **GRANTED**, and Plaintiff's Cross-Motion to Amend be **GRANTED in part and DENIED in part**.

### I. DISCUSSION

#### A. Background

According to the allegations in Plaintiff's Complaint, which must be accepted as true on a Motion to Dismiss, *see infra* Part II.B, Defendants LaFountain, Gadway, Bezio, Lilledahl, Frenya,

Farrell, LaMountain, LeClaire, and Ludwig each deprived Plaintiff of one or more meals during a seven-day period between March 26 and April 1, 2012. *See* Compl. at ¶¶ 11, 13–17, 19, & 25–29. Plaintiff advised Defendant Brown and Defendant LaValley of the fact that he was being denied his meals. *Id.* at ¶ 33.

On August 28, 2012, Defendants moved for partial dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 30. Specifically, Defendants seek dismissal of all claims against each Defendant in their official capacities and Defendants LaValley, Brown, and DeLutis seek dismissal of the claims against them based on Plaintiff's failure to assert personal involvement.

In response, Plaintiff cross-moved to Amend his Complaint in order to add factual allegations against Defendants LaValley, Brown, and DeLutis, and to add other defendants and causes of action. Dkt. No. 36. Defendants, in return, withdrew their request for dismissal on behalf of Defendant DeLutis, but maintained that the proposed amended complaint did not cure the deficiencies with regard to Defendants LaValley and Brown. Dkt. No. 37. Defendants further object to Plaintiff's insertion of new defendants and new claims because, *inter alia*, such claims are unrelated to already existing claims in this action and ask the Court to strike paragraphs 3(n)–(q), 66–111, and 123–26 of the proposed amended complaint, but otherwise had no objection to the remainder of the proposed amendments.

### B. Motion to Dismiss

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."

*Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, and matters to which the court may take judicial notice." *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 n. 6 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. at 697 (citing *Twombly*).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679–80.

With this standard in tow, we consider the plausibility of Plaintiff's Complaint.

### C. Personal Involvement

Initially, Defendants asked the Court to dismiss Defendants LaValley, Brown, and DeLutis based on Plaintiff's failure to assert their personal involvement in any wrongdoing. Dkt. No. 30. However, after reviewing Plaintiff's Cross-Motion to Amend, Defendants withdrew their dismissal request on behalf of Defendant DeLutis (Dkt. No. 37), thus we only consider whether Plaintiff has adequately stated that Defendants LaValley and Brown were personally involved in any wrongdoing.

An individual cannot be held liable for damages under § 1983 merely because he holds a position of authority, but he can be held liable if he was personally involved in the alleged deprivation.

> The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citations omitted).

Although Plaintiff claims that he alerted Superintendent LaValley and Defendant Deputy Superintendent of Security Brown of the alleged deprivations, he does not allege when he did so, how he did so, and how or if they responded. Compl. at ¶ 33. Nor does Plaintiff's proposed amended complaint cure this deficiency. Dkt. No. 36-1. To infer that Defendants LaValley and Brown are somehow culpable based on the paucity of factual information provided by Plaintiff would require far too much speculation. *See Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. at 526; *see also Ashcroft v. Iqbal*, 556 U.S. at 678.

Therefore, because Plaintiff has not made sufficient factual allegations from which it can be reasonably inferred that Defendants LaValley and Brown are liable in their supervisory capacities we recommend that Defendants' Motion to Dismiss as to these Defendants be **GRANTED**.

### D. Eleventh Amendment

The Eleventh Amendment states, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST.

amend. XI. Although by its terms, the amendment bars suit by citizens of one state against another state, the Supreme Court has held that such amendment similarly bars suits against a state by its own citizens. *Hans v. Louisiana*, 134 U.S. 1 (1890). "The Eleventh Amendment thus 'affirm[s] that the fundamental principle of sovereign immunity limits the grant of judicial authority in Art. III.'" *Richardson v. New York State Dep't of Corr. Servs.*, 180 F.3d 426, 447-48 (2d Cir. 1999) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984)). Thus, sovereign immunity provided for in the Eleventh Amendment prohibits suits against the state, including a state agency in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. at 98-101; *Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993); *Daisernia v. State of New York*, 582 F. Supp. 792, 796 (N.D.N.Y. 1984). To the extent a state official is sued for damages in his or her official capacity, "such a suit is deemed to be a suit against the state, and the official is entitled to invoke the eleventh amendment immunity belonging to the state." *Rourke v. New York State Dep't. of Corr. Servs.* 915 F. Supp. 525, 539 (N.D.N.Y. 1995) (citing *Berman Enters., Inc. v. Jorling,* 3 F.3d 602, 606 (2d Cir.), *cert. denied,* 510 U.S. 1073 (1994); *Ying Jing Gan v. City of New York,* 996 F.2d 522, 529 (2d Cir. 1993)); *see also Mathie v. Fries*, 121 F.3d 808, 818 (2d Cir. 1997) ("A claim against a government officer in his official capacity is, and should be treated as, a claim against the entity that employs the officer . . . .").

While Plaintiff's original Complaint sought injunctive relief in the form of a temporary restraining order, he has since been transferred from CCF, thereby rendering such relief moot. *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) ("[A] transfer to another facility moots an action for injunctive relief against the transferring facility."). We note that Plaintiff's proposed amended complaint does not include any request for injunctive relief. *See* Dkt. No. 36-1. Thus, we
-7-

recommend that Defendants' Motion to Dismiss Plaintiff's claims for monetary damages against Defendants in their official capacities be **GRANTED**.

### E. Plaintiff's Cross-Motion for Leave to Amend

Plaintiff has moved pursuant to FED. R. CIV. P. 15(a), for Leave to Amend his Complaint. Dkt. No. 36; *see also* Dkt. No. 36-1, Pl.'s Proposed Am. Compl. Defendants contest Plaintiff's Motion to the extent that he seeks to add new claims and new defendants for: (1) deliberate indifference to his serious medical needs arising out of the treatment he received for a hernia while at CCF; and (2) alleged deprivation of meals at Upstate Correctional Facility (hereinafter "UCF") after Plaintiff filed his original Complaint. *See* Defs.' Reply at pp. 1–2. Defendants do not contest Plaintiff's right to amend his Complaint to add allegations germane to claims already stated in the action. *Id.*

We first note that although Plaintiff has moved pursuant to FED. R. CIV. P. 15(a), most of the claims he seeks to add are more appropriately categorized as supplemental claims under FED. R. CIV. P. 15(d). Although the two statutory provisions are similar, "[t]he function of Fed.R.Civ.P. 15(a) is to permit a party to assert matters that were either overlooked or unknown at the time when the party's original complaint was prepared[] [whereas] [t]he function of Fed.R.Civ.P. 15(d) is to enable the party to set forth in supplemental pleadings transactions or occurrences or events which have happened since the date of the original pleadings." *Carter v. Artuz*, 1998 WL 782022, at *2 (S.D.N.Y. Nov. 6, 1998) (citations omitted).

Plaintiff's new claims alleging the withholding of food by employees at UCF arise out of incidences which began to occur shortly after Plaintiff was transferred from CCF to UCF on July 11, 2012, several months after Plaintiff filed his original Complaint on April 3, 2012. *See* Proposed

Am. Compl. at ¶¶ 85 & 90–111. Thus, this claim is supplemental in nature and should be evaluated under Rule 15(d) rather than Rule 15(a). *See Carter v. Artuz*, 1998 WL 782022, at *2. However, the events that give rise to Plaintiff's new medical indifference claim clearly arose out of a series of events which took place both before and after Plaintiff filed his Complaint. *See id.*; Pl.'s Proposed Am. Compl. at ¶¶ 66–89.

FED. R. CIV. P. 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading by leave of the court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Supreme Court has stated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should . . . be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Moreover, in the case of proposed amendments where new defendants are to be added, the court must also look to Rule 21 of the Federal Rules of Civil Procedure. *United States v. Chilstead Building Co.*, No. 96-CV-0641 (N.D.N.Y. Nov. 7, 1997) (McAvoy, C.J.) (citations omitted). Rule 21 states that a party may be added to an action "at any time, on just terms[.]" Rule 21 is "intended to permit the bringing in of a person, who through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable." *United States v. Commercial Bank of North America*, 31 F.R.D. 133, 135 (S.D.N.Y. 1962) (internal quotations omitted). Addition of parties under Rule 21 is also guided by the same liberal standard as a motion to amend under Rule 15. *United States v. Chilstead Building Co.*, No. 96-CV-0641; *Fair Housing Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972).

Generally, the court has discretion over whether or not to grant leave to amend a pleading. *Foman v. Davis*, 371 U.S. at 182. In deciding whether to exercise its discretion, the court must examine whether there has been undue delay, bad faith, or dilatory motive on the part of the moving party. *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983) (citing *Foman v. Davis*, 371 U.S. at 182). The court must also examine whether there will be prejudice to the opposing party. *Kovian v. Fulton Cnty. Nat'l Bank*, 1992 WL 106814 (N.D.N.Y. May 13, 1992).

Rule 15(d) of the Federal Rules of Civil Procedure states in relevant part:

On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

The decision to grant or deny a Rule 15(d) motion is committed to the sound discretion of the district court. *Quentin Group LLC. v. Interlink Prod. Int'l, Inc.*, 1997 WL 313156, at *2 (S.D.N.Y. June 9, 1997) (citing *Quarantino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir.1995)). FED. R. CIV. P. 15(d) allows a party to supplement a pleading with matters that occurred ***after the filing of the original complaint***, but pertain to the original pleading. *Albrecht v. Long Island Rail Road*, 134 F.R.D. 40, 41 (E.D.N.Y. 1991); *see also McLean v. Scully*, 1991 WL 274327, at *1 (S.D.N.Y. Dec. 9, 1991) (the supplemental pleading should be "adequately related to the originally stated claims"). The standard for a motion to supplement is the same as for a motion to amend the pleadings under Rule 15(a). *Klos v. Haskell*, 835 F. Supp. 710, 715 (W.D.N.Y. 1993).

Plaintiff's new claims of medical deliberate indifference at CCF and that he was deprived of food by employees of UCF mostly transpired after he filed his original Complaint and are not adequately related to Plaintiff's original claim. *See Quarantino v. Tiffany & Co.*, 71 F.3d at 66

*-10-*

("[L]eave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading") (citing *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir.1989) & *LaSalvia v. United Dairymen*, 804 F.2d 1113, 1119 (9th Cir.1986)); *see also Weeks v. New York State*, 273 F.3d 76, 88 (2d Cir. 2001) (citing *Quarantino v. Tiffany & Co., 71 F.3d at 66)*. Plaintiff's new claims involve events which are unrelated to his allegations of deprivation of food at CCF, the majority of the new allegations occurred at an entirely different facility more than four months after Plaintiff filed his original Complaint, and were allegedly perpetrated by individuals not named in the original Complaint. Therefore, Plaintiff's Cross-Motion to Amend to include paragraphs 3(n)–(q), 66–111, and 123–126, as proposed by Plaintiff in his Proposed Amended Complaint (Dkt. No. 36-1) is **DENIED.**

Because Defendants raise no objection to any of Plaintiff's other proposed amendments to his Complaint, Plaintiff's Cross-Motion to Amend is **GRANTED** in accordance with our decision above.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 30) be **GRANTED** as follows:

1. Defendants Brown and Lavalley be **DISMISSED**; and

2. Plaintiff's claims against all Defendants in their official capacities be dismissed; and it is further

**ORDERED**, that Plaintiff's Cross-Motion for Leave to Amend (Dkt. No. 36) is **GRANTED in part and DENIED in part**, in that the amendments to paragraphs 3(n)–3(q), 66–111, and 123–26

in the Proposed Amended Complaint (Dkt. No. 36-1) are hereby stricken, and all other proposed amendments are accepted; and it is further

**ORDERED**, that the Clerk of the Court docket Plaintiff's proposed amended complaint (Dkt. No. 36-1) as Plaintiff's Amended Complaint; and it is further

**ORDERED**, that Defendants' response to the Amended Complaint is due within twenty days of the filing date of the District Judge's Decision on the recommendations herein; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: March 1, 2013
Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge