**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**RALPH BUCK PHILLIPS**,

                              Plaintiff,

        - v -                                                    Civ. No. 9:12-CV-0610
                                                                      (DNH/RFT)

**M. LaMOUNTAIN**, *Correction Officer, Clinton*
*Correctional Facility*, **C. DELUTIS**, *Sergeant (SHU)*,
*Clinton Correctional Facility*, **J. LUDWIG**, *Sergeant*,
*Clinton Correctional Facility*, **M. LaFOUNTAIN**,
*Correction Officer, Clinton Correctional Facility*,
**J. FARRELL**, *Correction Officer, Clinton Correctional*
*Facility*, **A. FRENYA**, *Correction Officer, Clinton*
*Correctional Facility*, **C. GADWAY**, *Correction*
*Officer, Clinton Correctional Facility*, **BEZIO**, *Correction*
*Officer, Clinton Correctional Facility*, **LeCLAIRE**,
*Correction Officer, Clinton Correctional Facility*,
**SEAN LILLEDAHL**, *Correction Officer, Clinton*
*Correctional Facility*, **MORROW**, *Correction Officer,*
*Clinton Correctional Facility*,

                              Defendants.

**APPEARANCES:**                                    **OF COUNSEL:**

**RALPH BUCK PHILLIPS**
Plaintiff, *Pro Se*
06-B-3437
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

**HON. ERIC T. SCHNEIDERMAN**                **LAURA A. SPRAGUE, ESQ.**
Attorney General of the State of New York      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Ralph Buck Phillips alleges, pursuant to 42 U.S.C. § 1983, that Defendants regularly deprived him of meals in violation of the Eighth Amendment. Dkt. No. 39, Am. Compl. On May 16, 2013, this Court issued a Mandatory Pretrial Discovery and Scheduling Order ("MPDSO") granting Defendants permission to take Plaintiff's deposition and notifying Plaintiff that his failure "to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to FED. R. CIV. P. 37." Dkt. No. 42, MPDSO, at p. 3–4. On or about July 16, 2013, Defendants served a copy of their mandatory disclosures upon the Plaintiff, which were refused by Plaintiff. Dkt. No. 44-1, Laura A. Sprague Decl., dated Nov. 13, 2013, at ¶ 4 & Ex. A. On or about September 3, 2013, Defendants notified Plaintiff of their intent to take his sworn deposition on October 11, 2013; Plaintiff refused to accept that notice. *Id.* at ¶ 5 & Ex. B. On October 10, 2013, Defendants received confirmation from staff at Upstate Correctional Facility that Plaintiff had been informed of his impending October 11 Deposition and had refused, in writing, to participate. *Id.* at ¶¶ 3, 6, & Ex. C. On October 11, 2013, Defendants' Attorney appeared at Upstate Correctional Facility and facility staff attempted to coax Plaintiff into attending; however, Plaintiff rebuffed their attempts and refused to appear. *Id.* at ¶¶ 7–8 & Ex. D, Dep. Tr., dated Oct. 11, 2012.

On November 13, 2013, Defendants filed a Motion, pursuant to Rule 37, for an order dismissing this action on the grounds that Plaintiff failed to appear for his Deposition and refused to accept or provide mandatory disclosures or service of other documents relevant to the instant action. Dkt. No. 44-7, Defs.' Mem. of Law, at pp. 2–4. Plaintiff failed to respond to Defendants' Motion prior to the expiration of the opposition deadline on December 17, 2013. In an Order dated

*-2-*

April 7, 2014, this Court *sua sponte* extended Plaintiff's deadline to respond to May 12, 2014, and

warned Plaintiff that "**failure to respond may . . . result in the granting of Defendants' Motion,**

**in which there will be no trial**." Dkt. No. 45, Order, dated Apr. 7, 2014. Despite these warnings,

Plaintiff has failed to respond to Defendants' pending Motion. And, on April 15, 2014, that Order

was returned to this Court as undeliverable due to Plaintiff's refusal to accept it. Dkt. No. 46.

Based upon the above history, it is quite evident to this Court that Plaintiff does not intend

either to defend against the pending Motion nor prosecute this matter.

Federal Rule of Civil Procedure 37(b)(1) states, "[i]f the court where the discovery is taken

orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may

be treated as contempt of court." Rule 37 further authorizes an array of sanctions to be imposed

when a party fails to comply with a court order. FED. R. CIV. P. 37(b)(2); *see also* N.D.N.Y.L.R.

1.1(d) ("Failure of . . . a party to comply with any provision of these Rules, General Orders of this

District, Orders of the Court, or the Federal Rules of Civil or Criminal Procedure shall be a ground

for imposition of sanctions."). Included as a sanction in Rule 37(b)(2) is the remedy of dismissal

against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(v). Sanctions are also available, upon

motion, for a party's failure to attend his own deposition, and for failure to provide discovery. FED.

R. CIV. P. 37(d)(1)(A)(i) & 37(c)(1)(C).

Moreover, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may

dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil

Procedure] or a court order[.]" FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-

30 (1962); *see also* N.D.N.Y.L.R. 41.2. "This power to dismiss an action may be exercised when

necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996

WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)); *see also Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd without opinion*, 152 F.3d 917 (2d Cir. 1998), (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 148, 485 (2d Cir. 1994)). Given the harsh nature of Rule 41(b) dismissals, such dismissals are "appropriate only in extreme circumstances." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)). Further, a court must be cognizant of the special latitude to be given to a *pro se* litigant. *Webb v. Bermudez*, 1996 WL 599673, at *1 (S.D.N.Y. Oct. 17, 1996) (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) for the proposition that "dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding.").

In considering whether dismissal is the proper action herein, we must consider the following: (1) the duration of Plaintiff's failure to comply with Court Orders; (2) whether Plaintiff was on notice that failure to comply would result in dismissal; (3) whether the Defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its docket with the Plaintiff's interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal. *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Pert v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). Generally, no factor alone is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d at 485.

Here, Plaintiff's last communication with the Court was on March 1, 2013, when he filed his Amended Complaint. Dkt. No. 39. Plaintiff's failure to accept Defendants' Disclosures or to take meaningful action in the instant litigation for more than a year has created a significant delay. Plaintiff has made no effort to explain his failure to disclose nor his failure to attend or to reschedule

his Deposition. In addition, Plaintiff has wholly disregarded this Court's Orders and warnings regarding his duty to respond to Defendants' Motion. This invariably prejudices the Defendants' ability to properly defend this matter. Such behavior cannot be countenanced. Just as our dictates and admonitions have fallen on deaf ears, so too would imposing less drastic sanctions. Defendants cannot be expected to combat Plaintiff's charges without the benefit of having his testimony recorded before trial and we will not direct Defendants to incur any unnecessary costs associated with an action Plaintiff ostensibly, given his failure to communicate with the Court, has no desire to litigate. Given Plaintiff's behavior and inattention to Court Orders, we are left with only one suitable sanction, dismissal. *See Salahuddin v. Harris*, 782 F.2d at 1132 (dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding).

**WHEREFORE**, after due deliberation and for the reasons stated above, it is

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 44) pursuant to FED. R. CIV. P. 37(b) & 41(b) be **granted** and this action be **dismissed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   June 10, 2014
        Albany, New York


_____
Randolph F. Treece
U.S. Magistrate Judge